CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

November 18, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

Calvin Cohill Dean,
   Plaintiff,

v.                                                     Civil Action No. 3:25-CV-00095

Christian Brooke Dean
(a/k/a Christian Brooke McCauley),
   Defendant.

### VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff, Calvin Dean ("Plaintiff"), by counsel, states as follows:

## I. INTRODUCTION

1. This action seeks narrow, prospective injunctive and declaratory relief under 28 U.S.C. § 1331, Rule 65, and 28 U.S.C. § 2201 to prevent ongoing and imminent irreparable harm arising from:

   a. conflicting directives in parallel proceedings involving a state domestic-relations matter and a pending Nevada annulment action concerning the validity of the parties' 2005 Nevada marriage;

   b. a Nevada preliminary injunction that prohibits either party from transferring, concealing, destroying, or disposing of property; and

   c. actions and orders in the underlying Virginia proceeding that require or permit property transfers, including the ordered sale of Plaintiff's home, in direct conflict with the Nevada injunction.

2. Plaintiff does not seek review, reversal, or modification of any state-court ruling. He seeks only to preserve the status quo and prevent further irreparable harm

1

while the Nevada court adjudicates the validity of the marriage under Nevada law, the law of the place of celebration.

## II. JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including principles of the Supremacy Clause and Full Faith and Credit, and seeks relief authorized by Rule 65 and 28 U.S.C. § 2201.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the property at issue is located in this District and the relevant events occurred here.

## III. PARTIES

5. Plaintiff Calvin Cohill Dean is an adult resident of Albemarle County, Virginia.

6. Defendant Christian Brooke Dean (a/k/a Christian Brooke McCauley) is an adult resident of Virginia and is subject to this Court's jurisdiction.

## IV. FACTUAL ALLEGATIONS

A. Nevada Marriage; Nevada Law Governs Validity

7. Plaintiff and Defendant were married in Las Vegas, Nevada, in August 2005.

8. Under well-established conflict-of-laws principles, Nevada law governs the validity of a marriage celebrated in Nevada.

B. Nevada Annulment Action and Preliminary Injunction

9. On September 9, 2025, Plaintiff filed a petition for annulment in Clarke County, Nevada, seeking a determination under Nevada law as to whether the parties' 2005 marriage is valid.

10. The Nevada court has accepted jurisdiction, and Defendant has appeared.

11. The Nevada court issued a Joint Preliminary Injunction, restraining both parties from transferring, concealing, destroying, or disposing of any property during the pendency of the annulment action.

12. The Nevada injunction remains in full force.

C. January 8, 2025 Oral Ruling in the Underlying State Proceeding

13. On January 8, 2025, following an evidentiary hearing, the state trial court found:

a. Defendant falsely represented to Plaintiff and to Nevada authorities that her prior marriage to Oscar McCauley had been annulled, when no annulment or divorce had occurred. The court found that this misrepresentation was intentional, knowingly false, and made for the purpose of entering into the 2005 marriage. *(Ex. F.)*

b. Defendant knowingly misrepresented her marital status "at every level." The court ordered no spousal support and no further equitable distribution be paid.

c. Defendant acted with fraud and unclean hands.

d. The court stated that Defendant married Plaintiff "in violation of the laws of Nevada and of the laws of Virginia."

e. The court ordered that funds held in Plaintiff's counsel's trust account must "remain there until all issues of appeal have been resolved."

14. No final written order was entered following the January 8 ruling.

D. March 20, 2025 Letter Opinion Reversing January 8 Findings

15. On March 20, 2025, the state trial court issued a Letter Opinion reversing its prior oral ruling. The March 20 Opinion Letter concluded that Defendant's 2001 marriage to her first husband, Oscar McCauley, had itself been bigamous and void, and on that basis stated that the marriage between Plaintiff and Defendant was "valid and proper under Virginia law." *(Ex. A.)*

16. The March 20 Opinion contained no analysis of Nevada law, despite the state court's acknowledgment on January 8 that Nevada law governs the validity of a Nevada marriage.

17. No final order accompanied the March 20 Opinion.

E. April 17, 2025 Ruling and Declined Application of Nevada Law

18. On April 17, 2025, during further proceedings concerning the status of the marriage, the state trial court:

a. declined to apply Nevada marriage law, stating that it was "not willing to go as far as" determining the validity of the marriage under Nevada law;

b. undertook no analysis of Nevada statutory requirements governing dissolution of prior marriages;

c. shifted to Virginia's statutory void-marriage structure;

d. rejected its prior January 8 ruling; and

e. permitted or directed transfers of Plaintiff's property despite the absence of any final written order on marital status.

19. These actions were taken without new evidence and without issuing a final order from the January 8 hearing.

F. Orders for Sale of Plaintiff's Residence

20. On or about October 2025, the underlying state proceeding produced orders:

a. directing that Plaintiff's residence at 7967 Scottsville Road, Scottsville, Virginia be sold at public auction;

b. appointing a special commissioner to conduct the sale; and

c. setting deadlines for a public auction. *(Ex. B, Ex. C, Ex. D.)*

21. These directives directly conflict with the Nevada injunction prohibiting transfer of property while the Nevada annulment action is pending.

G. Continued Dissipation of Plaintiff's Property

22. Throughout the proceedings, Defendant has removed, sold, destroyed, or withheld substantial property, including:

• tools, furnishings, appliances, and contents of the home;

• a vehicle sold during a stay;

• Plaintiff's personal and financial records.

23. Defendant has not returned any property and has indicated no intention to do so.

H. Procedural Instability and Irreparable Harm

24. Plaintiff now faces conflicting obligations between the Nevada injunction and actions required or permitted in the underlying proceeding.

25. Plaintiff has no adequate remedy at law, as property already transferred or destroyed cannot be restored.

26. Without federal intervention to preserve the status quo, Plaintiff will suffer additional irreparable harm.

## V. CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

*(28 U.S.C. §§ 1331, 2201; Rule 65)*

27. Plaintiff incorporates paragraphs 1–26 as if fully restated.

28. A real conflict exists between:

- Plaintiff's obligations under the Nevada injunction, and
- actions taken or permitted in the underlying state domestic-relations matter.

29. This conflict creates immediate and irreparable harm, including:

- the forced sale of Plaintiff's home;
- continued dissipation of property;
- inability to comply with conflicting directives.

30. Plaintiff seeks prospective injunctive relief to preserve the status quo and prevent irreparable harm without challenging the validity of any state ruling.

31. Plaintiff also seeks a declaratory judgment that, during the pendency of the Nevada annulment action, the Nevada injunction governs the parties' obligations regarding transfer, concealment, destruction, or disposition of property.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter a Temporary Restraining Order preserving the status quo, including:

1. restraining Defendant from selling, listing, marketing, auctioning, transferring, or disposing of Plaintiff's residence;

2. restraining Defendant from transferring, concealing, destroying, or dissipating property;

3. staying further proceedings in the underlying matter to the extent necessary to prevent conflicting obligations.

B. Enter a Preliminary Injunction granting the same relief during this action.

C. Enter a Declaratory Judgment that the Nevada injunction governs the parties' obligations regarding transfer, concealment, destruction, or disposition of property during the pendency of the Nevada annulment action.

D. Award all further appropriate relief.

/s/ Althea H. Randolph (VSB#41566)
Virginia State Bar #41566
Counsel for Calvin Dean
7802 Fairview Farm Road
Scottsville, Virginia 24590
434.296.8433
althearandolph05@gmail.com

Verification:   I, Calvin Dean, on this 16th day of November, 2025, declare under penalty of perjury that the factual allegations contained in this Verified Complaint are true and correct to the best of my knowledge, information, and belief.   /s/ Calvin C. Dean

CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that on this date, I served a copy of the foregoing by email upon:   Kelly G. Roberts of Tucker Griffin Barnes 307 West Rio Road Charlottesville, Virginia 22901  kroberts@tgblaw.com

/s/ Althea H. Randolph